UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-127-GWU

MARTHA L. JEFFRIES,                                                              PLAINTIFF,

VS.                         **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                     DEFENDANT.

## INTRODUCTION

Martha Jeffries brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

08-127 Martha L. Jeffries

        Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

08-127  Martha L. Jeffries


       One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

       However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ."  Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Jeffries, a 42-year-old former kitchen helper and housekeeper with a high school education, suffered from impairments related to a major depressive disorder and chronic obstructive pulmonary disease. (Tr. 15, 21). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 18, 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21-22). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 22).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Social Security

benefits. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert Anne Thomas included no exertional limitations with such non-exertional restrictions as (1) a limitation to simple, object-focused tasks in a routine setting; (2) a limitation to low stress work; and (3) a need to avoid exposure to dust, smoke, fumes, chemicals, temperature extremes, or humidity. (Tr. 42). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 43). The ALJ relied upon this information to support the denial decision.

Jeffries argues that the hypothetical question did not fairly characterize Jeffries' mental condition.[1] The undersigned agrees with the plaintiff.

Psychologist Crystal Sahner examined Jeffries and diagnosed a major depressive disorder and an anxiety disorder. (Tr. 380). Sahner opined that the plaintiff would be "moderately limited" in interacting appropriately with fellow workers and supervisors as well as sustaining attention and concentration to perform simple, repetitive tasks. (Id.). The examiner indicated that Jeffries would have a "markedly limited" ability to tolerate stress and pressures of work activity. (Id.). The

---

[1] The plaintiff does not assert that the ALJ erred in evaluating her physical condition.

8

hypothetical question's restriction to low stress jobs would arguably accommodate Sahner's limitation concerning stress. However, the restrictions concerning interacting with fellow workers and supervisors and sustaining attention and concentration were not covered. The ALJ rejected Sahner's opinion as binding. (Tr. 20-21). Nevertheless, it does not provide support for the administrative decision.

Psychologists Edward Stodola and (Tr. 382-383) and Jane Brake (Tr. 434-435), the non-examining medical reviewers, each opined that Jeffries would be "moderately limited" in such areas as carrying out detailed instructions, maintaining attention and concentration for extended time periods, completing a normal workweek and workday without interruption from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods, interacting appropriately with the general public and responding appropriately to changes in the work setting. As noted by the plaintiff, the hypothetical question did not include all of these limitations, such as the restrictions relating to attention and concentration, completing a normal workday and workweek, responding to workplace changes and interacting with the general public. The defendant asserts that the ALJ's findings were consistent with the reviewer's findings in § III of the form. (Tr. 384). However, the form used on its face states with regard to the limitations contained in § I that:

> each mental activity is to be evaluated within the context of the individual's capacity to sustain that activity over a normal workday and workweek, on an ongoing basis. Detailed explanation of the degree of limitation for each category (A through D) as well as any other assessment information you deem appropriate, is to be recorded in § III (Functional Capacity Assessment).

(Tr. 382). Thus, § I contains the actual restrictions and § III provides a more detailed elaboration. Based on the explanations contained in the form, § III does not overrule the restrictions noted in § I. Therefore, the ALJ's findings were also not compatible with these opinions.

Jeffries sought treatment for her mental problems at the Cumberland River Comprehensive Care Center. In May of 2006, the plaintiff's societal/role functioning and interpersonal functioning were both rated as only "slightly low." (Tr. 295). However, in May of 2007, the plaintiff was noted to have difficulty responding appropriately to supervision and work within an ordinary routine, was said to have difficulty working with others, and was noted to respond very poorly to work stress. (Tr. 498). These restrictions are more severe than those found by the ALJ as well. Thus, this report at least supports a deterioration in the claimant's condition and also does not support the administrative decision.

All of the mental health sources of record suggest the existence of more severe mental limitations than those found by the ALJ. The ALJ should at least have sought the advice of a medical expert who had reviewed the entire record. Thus, a remand of the action for further consideration is required. Therefore, the

08-127 Martha L. Jeffries

court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 11th day of February, 2009.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**